# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS A. DUTTON | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-10-0174 |
| v. | : |
| | : (Judge Caputo) |
| SHANE WILSON, *et al.*, | : |
| Defendants | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Mr. Dutton filed this matter on July 6, 2009, in the United States District Court for the Western District of Pennsylvania. (Doc. 1, Compl.) After the filing of an Amended Complaint and Defendants' Answer to Amended Complaint, Judge Bissoon of the Western District of Pennsylvania issued a Case Management Order (Doc. 23) setting the close of discovery as December 30, 2009, and calling for dispositive motions on or before March 1, 2010. Two days prior to the close of discovery, December 28, 2009, Mr. Dutton filed a Motion for Appointment of Counsel (doc. 33) which was not ruled upon prior to the transfer of the matter to this Court. That motion was recently denied (doc. 60). On February 23, 2010, Defendants filed a motion for summary judgment, statement of facts, and supporting brief. (Docs. 53-55). Presently before the Court is Mr. Dutton's Motion for Extension of Time to file his brief in opposition to defendants' motion (doc. 56). He seeks the opportunity to conduct discovery prior to filing his response.

Under Fed. R. Civ. P. 56, a defendant may move "at any time" for summary judgment. There is no requirement that any discovery must take place prior to a party filing for summary judgment. However, confronted by such a dispositive motion, a plaintiff may petition the court to grant a continuance in the case to allow discovery to take place if the gathering of facts, not within the control of plaintiff, are required to fairly address the motion. Fed. R. Civ. P. 56(f). "A party that 'cannot present facts essential to justify its opposition' may – – and, indeed, must – – 'show [ ] by affidavit," Fed. R. Civ. P. 56(f), how evidence of such facts "would preclude summary judgment." *Koehnke v. City of McKeesport*, 350 F. App'x. 720, (3d Cir. 2009)(quoting *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002)). "[I]n all but the most exceptional cases, failure to comply with [the affidavit requirement of] Rule 56(f) is fatal to a claim of insufficient discovery." *Bradley*, 299 F.3d at 207. Nor does the Third Circuit Court of Appeals espouse a theory of "constructive compliance" with the affidavit requirement. *See Radich v. Goode*, 886 F.2d 1391, 1393-95 (3d Cir. 1989). The purpose of the affidavit is to ensure that the protection of Rule 56(f) is being invoked in good faith. *Id*. at 1394.

Plaintiff basis his need for additional time to respond to defendants' summary judgment motion on the following grounds: (1) he "has not received any discovery against such defendants which could aide" his ability to respond to defendants' motion; (2) he has limited access to the legal materials due to his placement in administrative custody; (3) he is illiterate in the law and his native language is Spanish; and (4) his December 22, 2009, motion for counsel was still pending when Defendants' filed their motion for summary judgment. Mr. Dutton seeks an

enlargement of the discovery period and adequate time to file his opposition materials. *Id.* In opposing Plaintiff's motion, Defendants note that while they do not oppose granting Mr. Dutton an enlargement of time to respond to their motion, they do oppose any enlargement of the discovery period as it has long expired without him seeking a timely extension. (Doc. 57, Opp. to Mot. for Extension of Time). Defendants also note that Mr. Dutton had sufficient time to engage in discovery had he chosen to do so. *Id*. at p. 2. Defendants state they have not received any discovery requests from Mr. Dutton at any time during the pendency of this action. *Id.* In his Reply Brief, Plaintiff concedes he did pose any discovery because he does not "how to do" discovery and has been relying on the assistance of a jail house lawyer to assist him the preparation of all of his work. (Doc. 58, Reply Br.) While Mr. Dutton may have been relying on the advice of a jailhouse lawyer, he does not suggest why he waited until the eve of the close of discovery to seek the appointment of counsel especially when he was not separated from his jailhouse lawyer at that time. (Doc. 34, Mot. for Counsel, pp. 3-4.) Furthermore, the only discovery he suggests he needs (in his Reply Brief) is his medical records from Potter and Lackawanna County Prisons. (Doc. 58 at ¶ 5.) Nonetheless, given our recent order denying Mr. Dutton's motion for counsel, and his *pro se* status, the Court will grant his motion and allow the parties to engage in a brief period of discovery prior to requiring Mr. Dutton to respond to Defendants' motion for summary judgment.

**ACCORDINGLY, THIS 20th DAY OF OCTOBER, 2010, IT IS**

**HEREBY ORDERED THAT:**

1. Mr. Dutton's Motion for Extension of Time (doc. 56) is granted.

2. Discovery in this matter has been extended for a sixty (60) day period.

3. All discovery in this case must be completed on or before Monday, December 20, 2010.

4. All dispositive motions shall be filed on or before Wednesday, January 19, 2011.

5. Defendants' Motion for Summary Judgment (doc. 53) will be denied without prejudice. Defendants may refile it, or an amended motion and supporting materials, at the conclusion of the discovery period.

                                              /s/ A. Richard Caputo
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**