**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS A. DUTTON** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-10-0174** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **SHANE WILSON,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

     This matters was transferred from the Western District of Pennsylvania to this Court in January 2010 and involves events that took place in September 2008 while Mr. Dutton was incarcerated at the Potter County Jail.[1]  Mr. Dutton alleges his constitutional rights were violated on September 14, 2008, by CO Wilson and CO Peazak when his fiancee overheard them making racially insensitive remarks about him.  Plaintiff did not hear those comments first-hand but learned of them several days later when advised by his fiancee.  Doc. 3, Am. Compl. at ¶ 29.  On September 22, 2008, after Mr. Dutton confronted CO Wilson about the statements, CO Wilson, using excessive force, pushed him into a cell causing him to fall over backwards, injuring his back and shoulder.  *Id*. at ¶ 45.   Presently before the Court is Mr. Dutton's Second Motion for Appointment of Counsel (doc. 79).  For the reasons set forth below the motion will be denied without prejudice.

---

[1]  Mr. Dutton is currently housed at the Columbia County Prison in Bloomsburg, Pennsylvania.

Mr. Dutton's Motion for Counsel is premised on limited knowledge of the law, inability to afford private counsel, unsuccessful efforts in obtaining *pro bono* counsel, the unavailability of federal case law and "jail house attorneys" to assist him at his present place of incarceration.  *Id*. at CM/ECF pp. 1-3.[2]  Luis Dutton states he served discovery on defendants and then filed a motion to compel when they failed to respond to his discovery requests.[3]  He also acknowledges defendants' presently pending motion for summary judgment but comments that he does not know "how to respond" to it.  *Id*. at p. 2.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Congress has granted district courts discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation for an indigent plaintiff.  The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  *Montgomery*, 294 F.3d at

---

[2]  Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

[3]  Mr. Dutton's motion to compel will be addressed under separate cover by the Court at a time convenient to the Court.

499.  Next, if plaintiff's claims meet this threshold review, other non-exclusive factors

to be examined are:

> 1.  the plaintiff's ability to present his or her own case;
> 2.  the difficulty of the particular legal issues;
> 3.  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4.  the plaintiff's capacity to retain counsel on his or her own behalf;
> 5.  the extent to which a case is likely to turn on credibility determinations, and;
> 6.  whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993).

The Court is familiar with Mr. Dutton via this, and other matters, he has

participated in over the past several years.  To date, Mr. Dutton's representation of

himself in this and other proceedings has been on par with other *pro se* inmate

litigants.  He has filed numerous complaints, motions, and other documents which

demonstrate his command of the English language and ability cite appropriate

arguments and legal citation when seeking to convey his concerns to the Court.  To

the extent that he claims he is not presently housed at a facility where he has

access to "jailhouse lawyers" willing to assist him, this statement is contradicted by

his filing in another matter where he notes that another inmate is drafting

correspondence on his behalf.  *See United States v. Dutton-Myrie,* 3:07-cr-0445

(M.D. Pa.)(Doc. 126).  Nonetheless, Mr. Dutton's own knowledge and ability to

proceed *pro se* in this matter is clear.  Aware of his need for discovery in this case,

he properly serve defendants with a request for production and a set of

interrogatories.  Doc. 79.  His filing of a motion to compel when he did not receive timely discovery responses unmistakably demonstrates his awareness of the federal rules of civil procedure and his ability to properly draft a document seeking relief from the Court in resolving discovery issues.  Finally, with respect to Mr. Dutton's confusion as to how to respond to the defendants' pending motion for summary judgment, the Court will direct his attention to the Standing Practice Order issued in this matter on January 25, 2010.[4]  *See* Doc. 48.  Specifically, Mr. Dutton is directed to review the sections related to summary judgment motions.  *Id*.

Based on the above, it cannot be said, at least at this point, that Mr. Dutton will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own.  To the extent Plaintiff is concerned as to his lack of training in the law, he stands in the same shoes as the majority of other *pro se* inmate litigants.  This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Mr. Dutton's apparent ability to litigate this action, as well as others, weigh against the appointment of counsel.

Consequently, Mr. Dutton's present request for counsel will be denied without prejudice.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Mr. Dutton.

---

[4]  It is noted that Mr. Dutton has some familiarity with these rules related to summary judgment as he previously filed a statement of material facts "[p]ursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1" in this matter.  *See* Doc. 13.

**ACCORDINGLY, THIS   24th   DAY OF JUNE, 2011, IT IS HEREBY**

**ORDERED THAT** Mr. Dutton's Second Motion for Appointment of Counsel (doc. 79)

is denied without prejudice.


/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**